GARCÍA, PETICIONARIO, *v.* CÓRDOVA, JUEZ DE DISTRITO, DEMANDADO, Y MÉNDEZ, INTERVENTOR.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección 1ª. en pleito en cobro de pesos.

No. 170.—Resuelto en marzo 7, 1917.

APELACIONES DE LAS CORTES MUNICIPALES—COSTAS EN CAUSAS CIVILES—DERECHOS DE RADICACIÓN DE LOS AUTOS.—El arancel que se fija en la sección 2ª. de la Ley No. 17 de 1915 regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales de la isla, no exige que se satisfaga derecho alguno para la radicación de los autos elevados de una corte municipal a la de distrito, a los efectos de apelación interpuesta para ante la segunda contra sentencia dictada por la primera.

ID.—ANOTACIÓN EN EL CALENDARIO—SEÑALAMIENTO PARA JUICIO—DERECHOS DE CALENDARIO.—Para que pueda anotarse en el calendario de una corte de distrito y señalarse para juicio un pleito civil procedente de una corte municipal, es necesario, que se pague el derecho de $5 a que se refiere el arancel contenido en la sección 2ª. de la Ley No. 17 de 1915; siendo la práctica seguida que satisfaga dicho derecho la parte que solicita la inclusión en el calendario y el señalamiento para juicio.

ID.—FALTA DE GESTIÓN EN EL RECURSO POR LA PARTE APELANTE—INCLUSIÓN DEL PLEITO EN EL CALENDARIO PREVIO PAGO DE LOS DERECHOS POR LA PARTE APELADA.—El medio que tiene un demandante-apelado para terminar su pleito en la corte de distrito cuando el demandado-apelante, una vez que radicados los autos, no practica gestión alguna, es obtener, pagando los derechos correspondientes, que se incluya en el calendario y se señale para vista y en ella probar de nuevo sus alegaciones, comparezca o no el demandado-apelante. Si las prueba y se le conceden las costas, entonces podrá recobrar éstas de la parte vencida o sea del demandado-apelante. Véase el caso de *Gelabert Hermanos* v. *Córdova*, 17 D. P. R. 1200.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. E. H. F. Dottin.*

El juez demandado no compareció.

Abogado del interventor: *Sr. A. Marín Marién.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Pedro García, por medio de su abogado, solicitó de esta Corte Suprema la expedición de un auto de *certiorari* contra el juez de la Corte de Distrito de San Juan, sección primera, por haberse éste negado a desestimar la apelación interpuesta por el demandado en el pleito seguido por el dicho peticionario contra Alejandro Méndez, en cobro de dinero, en la Corte Municipal de San Juan. El auto se expidió y tenemos a la vista el pleito original indicado.

La apelación se interpuso el 21 de agosto de 1916 y los autos se remitieron por el secretario de la corte municipal al de la de distrito el 11 de septiembre del mismo año. El secretario de la de distrito lo radicó bajo el número 9074. El apelante no hizo luego gestión alguna en el recurso y el apelado, o sea el peticionario García, sostiene que no habiendo satisfecho el apelante los cinco pesos que la ley requiere para que el pleito se incluya en el calendario, la apelación debió haber sido desestimada por la corte de distrito de acuerdo con la jurisprudencia establecida por esta Corte Suprema en los casos de *Cividanes* v. *López Acosta,* 22 D. P. R. 79, y *Lorenzo Isern y Cía.* v. *Cuevas Zequeira,* 24 D. P. R. 275. Y el peticionario alega que así lo solicitó de la corte de distrito y ésta se negó a desestimar el recurso, por cuyo motivo, no pudiendo apelar contra la resolución de la corte, estableció la solicitud de *certiorari* de que se deja hecho mérito.

Los casos invocados por el peticionario no son pertinentes porque ellos se resolvieron aplicando un arancel que exigía el pago de ciertos derechos para la radicación de los autos elevados de una corte municipal a otra de distrito, a los efectos de la apelación interpuesta para ante la segunda contra la sentencia dictada por la primera. Dichos derechos no fueron pagados y las apelaciones no llegaron a radicarse en la corte de distrito.

Posteriormente la Asamblea Legislativa de Puerto Rico
pasó la Ley No. 17 de 1915, regulando el cobro de derechos y
costas en causas civiles en las cortes de distrito y municipales
de la isla.   En su sección segunda se fija el arancel de los de-
rechos que deberán pagarse a los secretarios.   En ese arancel
hay una partida que dice: "H.   Por cada escrito de apela-
ción de una corte municipal a la de distrito, $2.00."   Los dos
pesos exigidos fueron pagados por el apelante en este caso y
los autos, como dejamos dicho, fueron remitidos a la corte de
distrito y radicados debidamente en ella.   El arancel no exige
que se satisfaga derecho alguno por la radicación y se ha in-
terpretado la nueva ley, correctamente a nuestro juicio, en
el sentido de que deben radicarse los autos en los libros de la
corte de distrito, desde el momento en que sean recibidos en
ella.

Nada dispone el arancel expresamente con respecto a los
derechos que deban pagarse con motivo de la tramitación de
las apelaciones en las cortes de distrito.   Como se trata de
juicios de *novo,* se ha seguido la práctica de aplicar a los
pleitos apelados de las cortes municipales, las mismas partidas
fijadas por el arancel para los pleitos originales que en ellas
se tramitan, de suerte que se exigen cinco pesos al demandante,
cinco al demandado y cinco por entrar el pleito en el calendario
y señalarlo para juicio.   Esos derechos se satisfacen por me-
dio de sellos que se adhieren a la primera petición que se for-
mula.   En este caso ya el peticionario en este recurso de *cer-
tiorari,* apelado en la corte de distrito y demandante en la
corte municipal y en la de distrito, se vió obligado a satisfacer
sus cinco pesos al presentar su solicitud de desestimación del
recurso.   ¿Tendrá, para lograr sus propósitos, que verse obli-
gado a satisfacer además, los cinco pesos que se exigen por
la inclusión en el calendario y el señalamiento del juicio?
Aunque en verdad es duro, nos parece que no puede llegarse
a otra conclusión.

La ley para reglamentar las apelaciones contra sentencias
de las cortes municipales en pleitos civiles, de 1908, dispone

en su sección 3, que "la corte de distrito anotará la causa en el calendario o lista de señalamientos de pleitos civiles que hayan de verse oportunamente, conforme a las disposiciones de la ley y al reglamento judicial para el régimen del calendario." Ya hemos visto que una ley posterior, la 17, de 1915, dispuso que para que un pleito civil pudiera incluirse en el calendario y señalarse para juicio en una corte de distrito, era necesario satisfacer el derecho de cinco pesos; de suerte que para que pueda llevarse a efecto lo dispuesto en la sec· ción 3 de la Ley de 1908, es necesario que se cumpla antes con la disposición pertinente del arancel contenido en la de 1915.

¿Quién debe satisfacer los derechos exigidos para la inclusión en el calendario y el señalamiento de la vista? La ley no lo dice y la práctica ha sido que los satisfaga la parte que solicite la inclusión y el señalamiento.

Ahora bien, ¿cómo puede resolverse un pleito civil procedente de una corte municipal, una vez que ha sido radicado en la de distrito y ésta ha adquirido jurisdicción sobre las partes? A este respecto ilustra mucho lo resuelto por esta Corte Suprema en el caso de *Gelabert Hermanos* v. *Córdova,* 17 D. P. R. 1200.

Después de transcribir íntegra la sección 3 de la Ley de 1908, esta Corte Suprema, por medio de su Presidente Sr. Hernández, se expresó así:

"Como se ve, la ley exige la comparecencia del apelante, sea éste demandante o demandado, para revisar y tomar en consideración a su instancia cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado, y una vez resueltas tales cuestiones o después de enmendada la demanda o la contestación, cuando así se permitiere, debe tramitarse el pleito apelado como nuevo juicio.

"Por modo expreso ordena la misma ley que, si el demandante dejare de comparecer ante la corte de distrito, se desestime la demanda y se dicte sentencia a favor del demandado, y tal precepto, atendidos los términos generales en que está redactado; comprende al demandante, sea éste apelante o apelado.·

"Nada ordena explícitamente la ley para un caso como el presente en que la parte apelante es la demandada y ha dejado de comparecer ante la Corte de Distrito de San Juan. Pero como esa misma ley dispone que para el nuevo juicio regirán todas las disposiciones y reglamentos judiciales que efecten a la vista de pleitos originales entablados ante las cortes de distrito, es lógico concluir que lo que se haga en esos pleitos, cuando no comparéce el demandado al acto de la celebración del juicio, es lo que debe hacerse cuando no comparece el demandado, sea apelante o apelado, a la vista del juicio en los casos de apelación para ante una corte de distrito.

"En los pleitos de que originalmente conocen las cortes de distrito, contestada la demanda el juicio se celebra con la sola comparecencia de la parte demandante, sin necesidad de que comparezca el demandado; al demandante incumbe el deber de probar los hechos determinantes de su acción; el demandado puede abstenerse de proponer pruebas y aceptar las resultas de las del demandante. Siendo ello así, y haciendo aplicación de esos preceptos de procedimiento al presente caso, la Corte de Distrito de San Juan, ante la que compareció la parte demandante y apelada debió celebrar el nuevo juicio sin que la incomparecencia del apelante y demandado fuera motivo legal para impedirlo y menos para declarar desierto el recurso de apelación.

"Apelada la sentencia de la corte municipal para la de distrito, formalizado el recurso, y señalado día para la celebración del nuevo juicio ante la corte apelada, aquella sentencia dejó de tener por ministerio de la ley valor y eficacia alguna. No cabía revocarla, modificarla o confirmarla, sino que era necesario que el nuevo juicio terminara por nueva sentencia. La mera desestimación del recurso no podía dejar subsistente una sentencia que ya no tenía vida legal.

"En los juicios que de novo se celebran ante las cortes de distrito a virtud de recurso de apelación interpuesto contra sentencias de las cortes municipales, no hay propiamente partes apelante y apelada, sino partes demandante y demandada, y por tanto no cabe invocar como aplicables aquellos preceptos que regulan las apelaciones que han de resolverse sobre los mismos méritos que sirvieron de base a la sentencia apelada." *Gelabert Hermanos* v. *Córdova,* 17 D. P. R. 1200, 1202.

Aplicada la anterior doctrina, es necesario concluir que el único medio que tiene el peticionario para terminar su pleito en la corte de distrito, es obtener, pagando los derechos co-

rrespondientes, que se incluya en el calendario y se señale para la vista, y en ella probar de nuevo su derecho, comparezca o no el demandado-apelante. Si prueba su derecho y se le conceden las costas, entonces podrá recobrarlas de la parte vencida o sea del demandado-apelante.

Por virtud de todo lo expuesto, debemos resolver que no habiendo cometido error alguno la corte de distrito al negarse a desestimar la apelación, procede la anulación del auto de *certiorari* expedido y la devolución de los autos originales remitidos, para ulteriores procedimientos no inconsistentes con esta opinión.

*Desestimada la solicitud y anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.